**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ARIANNY CELESTE LOPEZ, et al., : | |
|     *Plaintiffs*, : | |
| : | |
| V. : | Civil No. 3:24-CV-1068(OAW) |
| : | |
| CLEAR BLUE SPEC. INS. CO., : | |
|     *Defendant.* : | |

**ORDER GRANTING MOTION TO DISMISS**

**THIS ACTION** is before the court upon Defendant's Motion to Dismiss ("Motion"). ECF No. 14. The court has reviewed the Motion, Plaintiffs' opposition thereto, ECF No. 23, Defendant's reply in support of the Motion, ECF No. 24, and the record in this case and is fully apprised in the premises. For the reasons that follow, the Motion hereby is **GRANTED**.

**I.     BACKGROUND**

Defendant moves for partial dismissal of the complaint for lack of jurisdiction. There appears to be no disagreement as to the relevant facts. This summary thereof primarily is taken from the complaint, ECF No. 1, but because Defendant raises issues concerning personal jurisdiction and venue, the court also considers affidavits filed in connection with the Motion.[1]

Plaintiffs are three groups of models, none of whom reside in Connecticut, each of which group separately sued three different establishments[2] in three different lawsuits

---

[1] On a motion challenging this court's jurisdiction, the court may look to documents outside of the pleadings. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).
[2] There is disagreement between the parties as to whether one of the models participated in two of the underlying suits, but the court need not resolve this dispute herein.

brought in three different federal district courts in three different states. Denning Enterprises, Inc. ("Denning"), was doing business in Connecticut and was sued in the District of Connecticut; Country Club, Inc. ("Country Club"), was doing business in South Carolina and was sued in the District of South Carolina; and Zillion Concepts, LLC ("Zillion"), was doing business in Georgia and was sued in the Northern District of Georgia. Each establishment was insured under a policy issued by Defendant, and each lawsuit dealt with allegations that the establishments had used the models' images in advertisements without permission. In each of these underlying suits, the plaintiffs won and were awarded a sum of money in judgment.

In each case, the relevant defendant establishment assigned to the relevant models the establishment's rights under the insurance policies issued by Defendant. The models have banded together in the instant action to enforce all three assignments of rights against Defendant. Defendant has moved to dismiss the complaint as it relates to the assignment of rights by Country Club and Zillion, arguing that personal jurisdiction is lacking, venue is improper, and the claims related to the assignments by Country Club and Zillion should be severed.

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) permits a party to move for dismissal based upon a lack of personal jurisdiction and improper venue. Fed. R. Civ. P. 12(b)(2)–(3). When reviewing a motion for dismissal under Rule 12(b)(2) or Rule 12(b)(3), the court views all pleadings and affidavits, and resolves all doubts, in the manner most favorable

to the plaintiff. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007).

It is the plaintiff's burden to show that personal jurisdiction over the named defendant exists. *Metropolitan Life Ins. V. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996), *cert. denied,* 519 U.S. 1006 (1996). "[T]hree requirements must be satisfied before a district court may lawfully exercise personal jurisdiction over a party . . . ." *Esso Expl. & Prod. Nigeria Ltd. V. Nigerian Nat'l Petroleum Corp.*, 40 F.4th 56, 68–69 (2d Cir. 2022). Specifically, "(1) 'the plaintiff's service of process upon the defendant must have been procedurally proper'; (2) 'there must be a statutory basis for personal jurisdiction that renders such service of process effective'; and (3) 'the exercise of personal jurisdiction must comport with constitutional due process principles.'" *Id.* (quoting *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016) (internal quotation marks omitted)).

The plaintiff also bears the burden of showing that venue is proper under Rule 12(b)(3). *Pers. v. Google Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006). Venue generally is appropriate in a judicial district in which any defendant resides or in which a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b)(1)–(2). If no such district exists, an action may be brought in any judicial district that may exercise personal jurisdiction over any defendant in that action. 28 U.S.C. § 1391(b)(3).

Rule 21 permits a court, in its discretion, to sever any claim from a particular action. Before exercising this discretion, courts should consider "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would

be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Kirk v. Metro. Transp. Auth.,* No. 99 CIV. 3787 (RWS), 2001 WL 25703, at *2 (S.D.N.Y. Jan. 10, 2001); quoting *Morris v. Northrup Grumman Corp.*, 37 F.Supp.2d 556, 580 (E.D.N.Y.1999) (internal quotation marks omitted).

### III.    DISCUSSION

Defendant's principal argument is that there is no statutory basis by which this court may exercise personal jurisdiction over it with respect to the policies issued to Country Club and Zillion, and that any such exercise would violate constitutional principles of due process. More specifically, Defendant argues that issuance of insurance policies to a South Carolina and a Georgia business, respectively, cannot be the basis for hauling a North Carolina company into court in Connecticut. Plaintiffs disagree, asserting that Defendant is subject to general, specific, and pendent personal jurisdiction in this district. Because it is the plaintiffs' burden to establish that this court properly may exercise personal jurisdiction over Defendant, the court will begin with Plaintiffs' arguments.

With respect to general jurisdiction, Plaintiffs argue that Defendant is subject to general jurisdiction in Connecticut either because (1) it has registered to do business in the state, or (2) its contacts with Connecticut are so constant and pervasive as to render Defendant effectively at home in the state, such that it may be hauled into Connecticut courts for any dispute. Neither argument is persuasive. With respect to the latter, the only evidence of these contacts is Plaintiffs' assertion that for decades Defendant has sold insurance policies within the state. But it is highly unlikely that Defendant's

commercial contacts alone can establish general jurisdiction. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (finding that "when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely" to confer general jurisdiction over that corporation). The court also notes that the mere fact that Defendant has been able to conduct business in Connecticut for a prolonged period of time does not in itself indicate that Defendant has such a close relationship with the state as to be subject to general jurisdiction there. There is no information, for example, about how many policies Defendant sold to Connecticut residents, or how much of Defendant's business overall is conducted in Connecticut. *Daimler AG v. Bauman*, 571 U.S. 117 n.20 (2014) ("General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide."). And even if Plaintiffs supplied such information, the Supreme Court of the United States has found personal jurisdiction lacking even where a company's business transactions within a state are "sizable." *Id.* at 139. Thus, Plaintiffs would have to produce much more evidence of "systematic and continuous" contacts with Connecticut in order to carry their argument.

Further, contrary to Plaintiffs' assertion, registering to sell insurance policies in the state does not render Defendant subject to general jurisdiction there.[3] Plaintiffs misread

---

[3] Plaintiffs do not explicitly argue that this case should follow *Talenti v. Morgan & Brother Manhattan Storage Co.*, 113 Conn. App. 845, 854-55 (2009), and its progeny, which hold that any foreign company that registers to do business in Connecticut has consented to general jurisdiction there. In an abundance of caution, though, the court notes that it is aware of the disagreement between state and federal authorities on this particular point of law and is bound to follow federal authorities on that point. Specifically, the Court of Appeals for the Second Circuit has suggested that the *Talenti* court's holding should not be applied more broadly, particularly in its superficial treatment of constitutional due process concerns. *Lockheed Martin*, 814 F.3d at 636 ("We hazard that the Appellate Court erred in reading the registration and agent appointment statutes as constituting corporate consent to the exercise of general jurisdiction by the Connecticut state courts, and—more within this Court's ordinary domain—that it also erred in casually dismissing related federal due process concerns in a brief footnote."). Thus, although it

*Brown v. CBS Corp.,* 19 F. Supp. 3d 390 (D. Conn. 2014), aff'd sub nom. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016), to hold that whenever a foreign company has registered to conduct business in Connecticut, Connecticut courts may exercise personal jurisdiction over that company. But *CBS* merely stands for the proposition that a foreign corporation that has registered to do business in the state may be hauled into Connecticut courts *subject to the satisfaction of the requirements of constitutional due process. Id.* at 396. *CBS* does not dispense with the minimum contacts analysis, and in fact the *CBS* court went on to find that it could *not* exercise personal jurisdiction over the defendant foreign corporation, despite said corporation's registering to do business in the state. *Id.* at 400. Accordingly, for the same reasons as stated in *CBS*, this argument is insufficient to carry Plaintiffs' burden.

However, *CBS* also shows that Defendant is subject to specific jurisdiction with respect to disputes arising out of its business contacts in Connecticut. Defendant does not dispute this. Accordingly, the Motion does not seek dismissal of the entire complaint; Defendant does not contest that this is the jurisdiction in which it must litigate Plaintiffs' claim with respect to the assignment of rights from Denning.

But Plaintiffs argue that by not objecting to litigating Denning's assignment of rights in this action, Defendant has consented to litigate the assignments of Country Club's and

---

is settled that a foreign company can consent to general jurisdiction in a particular state by registering to do business within that state, *see Mallory v. Norfolk Southern Ry.,* 600 U.S. 122 (2023), Defendant's registration as a foreign corporation in this case does not render it subjectable to general jurisdiction because there is no Connecticut statute that explicitly conditions registration of foreign corporations upon acceptance of the general jurisdiction of Connecticut courts.

Zillion's rights as well.[4] Plaintiffs assert, without authority, that it is impossible for courts to have personal jurisdiction over a defendant for part, but not all, of a lawsuit. But authority clearly requires that personal jurisdiction be established as to every claim in an action. *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) ("A plaintiff must establish the court's jurisdiction with respect to each claim asserted."). And while Plaintiffs attempt to aggregate the three assignments into one contractual right, enforceable through each of the four counts asserted in the complaint, the court easily rejects that framing. The three assignments clearly gave rise to three separate claims to enforce those rights. The contractual rights at issue were assigned to different individuals and derive from different contracts, which contracts were executed by different parties in different states. Plaintiffs can no more treat their separate entitlements as one enforceable right than the underlying assignors could treat their separate contracts as giving rise to one claim for breach thereof. This is patently obvious when one considers Plaintiff's tortured attempt to maintain that they have one right to enforce, but still assert state law claims under *Connecticut* state law only, and only as to Denning. But of course, only those plaintiffs who were assigned *Denning's* rights would be entitled to any relief under Connecticut law. The other plaintiffs have no claim to any relief sought in those counts of the complaint. This perfectly illustrates that the three groups of assignees have three separate claims.

Finally, Plaintiffs present a pendent personal jurisdiction argument. They contend that exercising jurisdiction over Defendant with respect to the Denning assignment allows

---

[4] To the extent Plaintiffs assert that the Motion itself indicates consent to jurisdiction, that argument is rejected. It is well established that appearing in a case for the purpose of contesting personal jurisdiction does not indicate consent to litigating that action more generally. *See, e.g., Vozeh v. Good Samaritan Hosp.*, 84 F.R.D. 143, 144 (S.D.N.Y. 1979).

the court to do the same with respect to the other two assignments. Typically, pendant personal jurisdiction appropriately may be applied where "federal and state-law claims derive from a common nucleus of operative fact," in which circumstance, "the district court may assert personal jurisdiction over the parties to the related state-law claims even if personal jurisdiction is not otherwise available." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 88 (2d Cir. 2018) (quoting *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993)). The Second Circuit has expanded the doctrine's application to cases in which a federal court, sitting in diversity, hears a claim arising under state law, thereby permitting the federal court to hear other state law claims. *Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716 (2d Cir. 1980). However, there still must be a common nucleus of operative fact shared by all the claims.

Here, there is no common nucleus of operative facts undergirding the three assignments of rights. Rather, despite Plaintiffs' careful drafting of the complaint to treat the three assignments as one event, there are actually three similar, but distinct, sets of facts relevant here, though such facts have not even been stated in the complaint. Plaintiffs ignore the point that in order to determine whether Defendant ought to have paid the insured establishments in connection with their policies, the specific manner of each establishment's advertising must be compared with the coverage promised and exclusions thereto. But these specifics are absent from the complaint, so the court cannot even make a determination as to whether the relevant conduct is similar. The court can determine, though, that the relevant facts are not common to all three claims. The relevant underlying conduct was perpetrated by different actors, in different jurisdictions, violating the rights of three separate groups of individuals.

Plaintiffs' argument that the relevant law governing the duty to defend or indemnify is identical in Georgia, South Carolina, and Connecticut does not save their foreign claims from dismissal.  Even assuming that a common question of law could confer personal jurisdiction over a defendant for foreign claims, here, the legal issues presented require consideration of state *contract* law.  Thus, there is no common question of law.  Rather, the legal issue with respect to each assignment is whether the specific violation of the specific models' rights was covered by each specific policy *under each jurisdiction's relevant law.*  Each policy will need to be interpreted using the usual methods of contract construction as dictated by each state's laws, which destroys any possibility of commonality in the legal issues presented.[5]  This case clearly does not present circumstances to which pendent personal jurisdiction applies.

Moreover, whether to hear a claim under pendent personal jurisdiction is a question of judicial discretion, and the court would decline to hear the Country Club and the Zillion assignees' claims, even if pendent personal jurisdiction were applicable.  *See Spratley v. FCA US LLC*, 2017 WL 4023348, at * 7 (N.D.N.Y. Sept. 12, 2017) (declining to exert pendent personal jurisdiction over foreign plaintiffs' claims); *Kommer v. Ford Motor Co.*, No. 17-CV-296 (LEK/DJS), 2019 WL 2895384, at *3 (N.D.N.Y. June 19, 2019).

Thus, the court concludes that Plaintiffs have failed to show that the court can exercise personal jurisdiction over Defendant with respect to the Country Club and Zillion assignments of rights.

---

[5] For this reason, the instant case is distinguishable from *Hahn v. JetBlue Airways Corp.*, 21-cv-6867 (NRM)(LB), 2024 WL 3422391, at *8 (E.D.N.Y. June 24, 2024), upon which Plaintiffs' argument principally relies.  But in this case a district court allowed multiple plaintiffs to join claims dealing with identical facts and the same federal regulation, after class allegations had been dismissed.

Finally, even if personal jurisdiction were established, Plaintiffs failed to respond to Defendant's arguments regarding venue and severance, and so the court deems them admitted. These each provide a separate, independent basis upon which to grant the Motion. And the court notes that its conclusion that there is no common nucleus of operative fact underlying the three assignments of rights also would lead to the dependent conclusion that venue as to the Country Club and Zillion claims is inappropriate in this district, and that severance of those claims is appropriate.

### IV. **CONCLUSION**

Accordingly, it hereby is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, ECF No. 14, hereby is **GRANTED.** The complaint as it relates to the Country Club and Zillion assignments hereby is dismissed without prejudice to refiling in an appropriate jurisdiction.

2. The Clerk of Court is directed, respectfully, to please terminate Country Club, Inc.; Zillion Concepts, LLC; and all assignees thereof (Dessie Mitcheson, Jaime Edmondson Longoria, Jesse Golden, Alyssa Nobriga, Irina Voronin, Lina Posada, and Rosie Jones) from this action.

3. The remaining parties are instructed to file their Local Rule 26(f) report on or before **December 6, 2024.**

**IT IS SO ORDERED** at Hartford, Connecticut this 6th day of November, 2024.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE